Wilde J.
delivered the opinion of the Court. rfhe most important question in this case is settled, and upon principles which cannot be controverted, in the case of Stetson v. Kempton et al., 13 Mass. R. 272. Upon the law as laid down in that case it is very clear, that the vote of the defendant, town to raise a sum of money for the purpose of contributing to the expenses of making the road laid out by the commissioners of highways was unauthorized, and consequently that the tax assessed for the purpose of carrying it into effect was illegal and void. By the 4th section of the act of 1825, c. 171, the commissioners are required to cause all roads located by them to be constructed and finished to their acceptance in such manner as will best promote the public interest; and all expenses thus incurred are to be satisfied out of the treasury of the county. The town not being chargeable with any portion of these expenses, could not assume any liability therefor unless *406 they were authorized so to do by the. legislature; and it is manifest that after the statute of 1825, they were not thus authorized. The vote of the town appointing a committee to contract for the making and finishing the road was a void act, under which the committee had no authority to make a valid contract in behalf of the town, and consequently were not authorized to draw the order declared on in payment of the plaintiff’s labor and services.
This limitation upon the power and authority of towns tc enter into contracts and stipulations is a wise and salutary provision of law, not only as it protects the rights and interests of the minority of the legal voters, but as it may not unfrequently prove beneficial to the interests of the majority, who may be hurried into rash and unprofitable speculations by some popular and delusive excitement, to the influence of which even wise and considerate men are sometimes liable.[1]
As to the small balance which has been collected and not. paid over by the collector, we are of opinion that the plaintiff cannot recover, because it having been paid on an illegal assessment, it must be considered as received to the use of the person paying it; and an action lies in his favor to recover it back, to which action a recovery in this case would be no bar.

Plaintiff nonsuit.

 See Anthony v. Adams, 1 Metc. 284; Spaulding v. Lowell, 23 Pick. 71 ; Willard v. Newburyport, 12 Pick. 22; Simmons v. Hanover, 23 Pick. 188; Allen v. Taunton, 19 Pick. 485; Bancroft v. Lynnfield, 18 Pick. 566; Keyes v. Westford, 17 Pick. 273; Hooper v. Emery, 2 Shepl. 375.